United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

RUPINDER SINGH,
Petitioner,
v.
MINGA WOFFORD, *et al.*,
Respondents.

Case No. 1:26-cv-08666 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 2

Petitioner Rupinder Singh filed a petition for writ of habeas corpus and motion for temporary restraining order alleging that his re-detention by ICE violated his Fifth Amendment right to due process. *See* Dkt. No. 1 at 15–16; Dkt. No. 2. The Court set a briefing schedule explaining that it intended to rule on the petition and TRO together and directing Respondent to address whether any provision of law or fact would distinguish this case from several prior petitions that this Court has decided. *See* Dkt. No. 5 (citing *Soumare v. Chesnut*, No. 1:26-CV-06293 (EJD), 2026 WL 3034250 (E.D. Cal. Oct. 9, 2026); *Zheng v. Warden of the Golden State Annex*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026); *Sifonte v. Allen*, No. 1:26-CV-04955 (EJD), 2026 WL 2718555 (E.D. Cal. Sept. 14, 20). Respondents filed an opposition arguing that this case is distinguishable from the cases cited in the Court's order because Petitioner is detained under 8 U.S.C. § 1225(b)(1). *See* Dkt. No. 6 at 3.

The facts alleged in the petition are as follows. Petitioner is a citizen of India who entered the United States in September 2023 after crossing the Lukeville, Arizona border. Dkt. No. 1 ¶¶ 35–36. He was briefly detained by U.S. Customs and Border Patrol and was placed in standard removal proceedings. *Id.* ¶ 36; Dkt. No. 6 at 12. The Notice to Appear initiating those proceedings

charges Petitioner as "an alien present in the United States who has not been admitted or paroled[.]" Dkt. No. 6 at 12. He was then released from custody on his own recognizance with instructions to report to the ICE office in Bakersfield, California several months later. Dkt. No. 1 ¶ 36. His removal proceedings remain ongoing.

Petitioner claims to have complied with all the conditions of his release. *Id.* ¶ 37. He attended every scheduled ICE check-in, and reported his compliance through ICE's "SmartLINK" application as directed. *Id.* ¶¶ 37–38. In May 2026, Petitioner was arrested for evading a peace officer, was briefly detained by local police, and then released on bond. *Id.* ¶ 39; Dkt. No. 6 at 22. The following month, Petitioner reported to ICE to discuss the incident, and he was permitted to leave with a newly installed GPS ankle monitor. *Id.* ¶ 39. Despite no apparent change in circumstances, in October 2026, ICE stopped Petitioner's vehicle while he was driving to work and arrested him. *Id.* ¶ 41. He was not provided with prior notice of the decision to revoke his parole, or an opportunity to challenge the revocation. *Id.* ¶¶ 41–43.

As this Court has explained in its prior orders "noncitizens previously released by immigration authorities on their own recognizance obtain a liberty interest in their continued freedom." *Soumare*, 2026 WL 3034250, at *3. Therefore, regardless of whether § 1225(b)(1) or § 1226(a) applies here, Petitioner retains a protected liberty interest to remain free from custody during the pendency of his removal proceedings. *Cajina v. Wofford*, No. 1:25-CV-1566 DAD AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025) (explaining that the court "need not determine whether § 1225 or § 1226 applies … because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme"); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1092–93 (E.D. Cal. 2025) (finding Petitioner had a protected liberty interest where petitioner had been previously released by immigration authorities, even though both parties agreed § 1225(b)(1)(B)(ii) controlled detention).

For the reasons identified in *Soumare*, *Zheng*, and *Sifonte* applying the *Mathews v. Eldridge,* 424 U.S. 319 (1976) framework, Petitioner is entitled to a hearing at which the Government must justify the basis for revocation of his parole. *Soumare*, 2026 WL 3034250, at

*3–4; *Zheng*, 2026 WL 1354477, at * 4–5; *Sifonte*, 2026 WL 2718555, *1. Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation without any hearing is considerable, and Respondents' interest in detaining Petitioner without any process is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

However, Respondents argue that release would be an improper remedy because Petitioner has criminal history. Dkt. No. 6 at 2. Courts, including this one, have found that "there may be situations that urgently require arrest, in which a prompt post-deprivation hearing is appropriate." *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767, at *11 (E.D. Cal. Aug. 28, 2025). One such situation is where "providing Petitioner with notice and a pre-deprivation hearing would have been impracticable and/or would have motivated his flight." *Id*. at *12.

Here, pre-deprivation process was required. First, Respondents have not argued that pre-deprivation process would have been impractical or motivated flight. Rather, their primary argument is that Petitioner's detention is mandatory and did not require the Government to show any changed circumstances prior to his arrest. *See* Dkt. No. 6 at 1–2. Second, the record does not support a finding that pre-deprivation process would have been impractical. Petitioner dutifully reported to the ICE office after his arrest as instructed, and ICE chose not to detain him. Dkt. No. 1 ¶ 39. There is no reason why ICE could not have followed a similar procedure prior to detaining him months after his criminal arrest.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. No. 1) is GRANTED. Respondents are ORDERED to immediately release Petitioner from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. The Federal Government is permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a

timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: October 29, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Eastern District of California